**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:08-CR-00147**

**UNITED STATES OF AMERICA**                                                                                  **PLAINTIFF**

v.

**ROBERT J. HAILE**                                                                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Suppress His Illegal Arrest (Docket #33). The Government has responded (Docket #34). Defendant has replied (Docket #35). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Suppress His Illegal Arrest is DENIED.

**BACKGROUND**

On July 7, 2008, Defendant Robert J. Haile came across a new listing on an 18 and over social networking site he frequented (LouisvilleMojo.com). Defendant was registered as "yurmom" on this website. The new listing was by a female claiming to be 77 years old, 5'4", and 140 pounds. The listing directed visitors to contact "Ambereyes701" on Yahoo!. Defendant located "Amber" on MySpace, where her age was listed as 62 years old. The "About Me" portion of her profile page stated, in part: "I'm a girlie girl. I'm 14, and turn 15 on October 31! HALLOWEEN!!!!!" Both of these profiles were set up by Detective Arterburn, a detective with the Crimes Against Children Unit of the Louisville Metro Police Department (LMPD CACU), which seeks to catch online predators.

Defendant and "Amber" began communicating through Yahoo! instant messaging. Defendant communicated under the screen name "kfcrob." In the first of two online conversations between "kfcrob" and "Amber," Defendant specifically inquired, "so your really

14?" Detective Arterburn, as "Amber," responded: "lol" (or "laugh out loud"). Defendant's reply to this was "?", and there was no further response from "Amber" about her age. The two continued to talk about topics including virginity, oral sex, older guys, ex-boyfriends, and the fact that "Amber" did not want to get caught by her mom. In their second conversation on July 8, 2008, "kfcrob" asked "Amber" to meet him at the park for the specific purpose of engaging in oral sex. Defendant told "Amber" that he drives a charcoal Mustang, and they arranged to meet in the park at 9:00 p.m. Defendant told "Amber" that if she wasn't there by 9:10 p.m., he would leave.

Detective Arterburn and another detective traveled to the agreed upon park on the evening of July 8, 2008. When they arrived at the park, the detectives observed a white male parked in a charcoal Mustang. Detective Arterburn recognized the man as the same person in the photograph on the "LouisvilleMoJo.com" profile for "yurmom." The detectives arrested Defendant Haile on state charges (unlawful transaction with a minor in the first degree) and transported him to the LMPD CACU office. In a post-arrest statement, Defendant made incriminating remarks. The two federal charges currently before the Court (18 U.S.C. §§ 2422(b), 1470) were filed on July 10, 2008. Defendant now seeks to have his July 8, 2008, arrest suppressed as a violation of the Fourth Amendment of the U.S. Constitution.

## STANDARD

The Fourth Amendment was established to protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV; *see also Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). An arrest is reasonable under the Fourth Amendment if there has been execution of an arrest warrant or there

is probable cause that the defendant has committed a crime. *Devenpeck,* 543 U.S. at 152. No warrant is required to arrest a suspected felon in a public place if there is probable cause. *U.S. v. Watson*, 423 U.S. 411, 421-24 (1976). While the arresting officer need not have sufficient evidence in hand to convict the defendant, an arrest without a warrant "must stand on firmer ground that mere suspicion." *Wong Sun v. U.S.*, 371 U.S. 471, 479 (1963) (citing *Henry v. U.S.,* 361 U.S. 98, 101 (1959)) . The Supreme Court in *Wong Sun* explained, "[t]he quantum of information which constitutes probable cause–evidence which would 'warrant a man of reasonable caution in the belief' that a felony has been committed,–must be measured by the facts of the particular case." *Id.* (citing *Carroll v. United States*, 267 U.S. 132, 162 (1925)). Stated another way, "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck*, 543 U.S. at 152 (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

## ANALYSIS

Defendant's motion states that no probable cause existed at the time Defendant Haile was arrested by Detective Arterburn. He rests this argument on the fact that there were no concrete facts sufficient to support a finding of probable cause that Defendant knew the girl he agreed to meet was under sixteen years old. Therefore, Defendant argues, Detective Arterburn had no probable cause to believe that Defendant had committed or was committing an offense. The Court disagrees with Defendant's reasoning and finds that probable cause existed at the time Detective Arterburn made his arrest.

The evidence demonstrates that Defendant was "yurmom" and "kfcrob," and persuaded or enticed "Amber" to meet him at the park to engage in sexual activity. Detective Arterburn

participated in two separate conversations in which Defendant propositioned "Amber" for sexual activity. During their last conversation, Defendant arranged to meet with "Amber" at a park for the specific purpose of engaging in oral sex. Detective Arterburn saw Defendant's photograph on his online LouisvilleMoJo.com profile, and recognized him as the same person who appeared at the park at the designated time and place to meet "Amber." His car matched the description that Defendant had given to "Amber."

Therefore, the main issue is whether Defendant knew he was meeting a girl under 16 years of age. In support of his motion, Defendant points to the two online profiles of "Amber," in which there are no indications that Amber was under 16 except for the "About Me" section on her MySpace profile. Defendant argues that there are no pictures indicating she is under 16, her MySpace friends are all 18 or older, her favorite music is "70's," and her favorite actor is Brad Pitt. In addition, Defendant points out that there is no information about Amber's grade in school, no year of birth, no school name, and no information about typical activities of a girl under 16 years of age. The Court recognizes these observations may be true, but such arguments overlook the importance of the "About Me" section which unambiguously states, "I'm 14." Further, Defendant specifically acknowledges that he has read the "About Me" section of her profile when Defendant asks, "so your really 14?" in his July 7th online conversation with "Amber."

Defendant also asserts that Detective Arterburn was deliberately evasive in his response, and that the age element of the crime was intentionally obscured by the detective. After Defendant asked "Amber" if she is really 14, Detective Arterburn responded "lol". Although Detective Arterburn did not respond in the affirmative to Defendant's inquiry as to whether

"Amber" was really 14, he also did not respond in the negative. Based on this portion of the conversation, Defendant had no reason to believe that "Amber" was not a 14-year-old girl. The Court acknowledges that Detective Arterburn could have been clearer in his response. It is not this Court's responsibility, however, to second-guess the detective's discretion in his field of expertise, but rather to decide whether probable cause existed or not.

Defendant's motion states that the issue of age was also unclear because "Amber" listed herself as being three different ages, only one of them being under the age of 16. Defendant argues that the "About Me" section, therefore, is not definitive because "Amber's" age was listed as 62 and 77 as well. The Court finds this argument unpersuasive. Although "Amber" was listed as 62 years old on her MySpace webpage, her "About Me" section clearly indicated she was much younger. In addition, all other indications (photograph, descriptions, manner of speaking) suggest that "Amber" was not an elderly woman. Finally, the Defendant, 25, was referenced as an "older guy" several times by both Defendant and "Amber" in their online conversations.

Finally, Defendant argues that 18 U.S.C. § 2422 prohibits "knowingly" persuading or enticing a minor to engage in criminal sexual activity, and that there was no affirmative proof at the time of arrest to show that Defendant actually knew "Amber" was under the age of 16. In order to convict Defendant, proof that he violated 18 U.S.C. § 2422 must be beyond a reasonable doubt. But the same standard does not exist for probable cause. As stated earlier, the arresting officer need not have sufficient evidence in hand to convict the defendant. *Wong Sun v. U.S.*, 371 U.S. 471, 479 (1963) (citing *Henry v. U.S.,* 361 U.S. 98, 101 (1959)). Instead, the arresting officer must draw a reasonable conclusion from the facts available to him at the time of arrest to

5

find that a felony has been committed.  *Devenpeck*, 543 U.S. at 152 (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).  The Court finds that this standard has been met.  The detective had more than mere suspicion at the time of the arrest; he had first-hand knowledge that Defendant had read a girl's MySpace profile which stated, "I'm 14."  Based on all of the facts available to him at the time, it was a reasonable conclusion for Detective Arterburn to believe that Defendant knew he was meeting a 14-year-old girl in the park for illegal sexual activity.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Suppress His Illegal Arrest (Docket #33) is **DENIED**.